| | |
|---|---|
| **2nd Judicial District Court, Denver County, Colorado** <br> **District Court** <br> Court Address:   1437 Bannock Street, Room 256 <br>                         Denver, CO 80202 | |
| **Plaintiff:**   Hajloo, Inc. <br>                    Asghar Hajloo <br>                    Debra Hajloo <br><br> v. <br><br> **Defendant:**  Travelers Indemnity Company <br>                       Elizabeth Hornsby <br>                       Holly Lister <br>                       David Harrison | DATE FILED: October 10, 2014 2:11 PM <br> FILING ID: 86A8C96BF95C3 <br> CASE NUMBER: 2014CV33904 <br><br><br> ▲   COURT USE ONLY   ▲ |
| **Attorney for Plaintiff:** <br> Attorney:   Ross Ziev, #43181 <br> Address:    Speights and Worrich, LLC <br>                    116 Inverness Drive East, Suite 270 <br>                    Englewood, CO 80112 <br> Phone Num.:  (303) 662-8082 <br> FAX Num.:    (303) 662-8083 <br> E-Mail:           ross@speightsfirm.com | Case Number: <br><br> Div.: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1.     This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.     Check one of the following:

☒     This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

•     The case is filed within the period of January 1, 2012 through December 31, 2013; *AND*

•     The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

•     The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

☐     This case is not governed by the Colorado Civil Access Pilot Project Rules.

**EXHIBIT A**

*NOTE: **Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02***
*(available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3.  If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:

☒ This case is governed by C.R.C.P. 16.1 because:

• The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; AND

• A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☐ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☒ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

4. ☐ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: October 10, 2014

*/s/ Ross Ziev*
Ross Ziev #43181
Attorney for Plaintiff
*A duly authorized signature is on file at Mr. Ziev's office*

2

**EXHIBIT A**

| | |
|---|---|
| **2nd Judicial District Court, Denver County, Colorado** <br> **District Court** <br> Court Address:     1437 Bannock Street, Room 256 <br>                              Denver, CO 80202 | DATE FILED: October 10, 2014 2:11 PM <br> FILING ID: 86A8C96BF95C3 <br> CASE NUMBER: 2014CV33904 |
| **Plaintiff:**     Hajloo, Inc. <br>                        Asghar Hajloo <br>                        Debra Hajloo <br> **v.** <br> **Defendant:**  Travelers Indemnity Company <br>                        Elizabeth Hornsby <br>                        Holly Lister <br>                        David Harrison | ▲     COURT USE ONLY     ▲ |
| **Attorney for Plaintiff:** <br> Attorney:   Ross Ziev, #43181 <br> Address:    Speights and Worrich, LLC <br>                    116 Inverness Drive East, Suite 270 <br>                    Englewood, CO 80112 <br> Phone Num.:  (303) 662-8082 <br> FAX Num.:     (303) 662-8083 <br> E-Mail:           ross@speightsfirm.com | Case Number: <br><br> Div.: |
| **SUMMONS** | |

**THE PEOPLE OF THE STATE OF COLORADO**
**TO THE ABOVE NAMED DEFENDANT:**

You are summoned and required to file with the Clerk of this Court an answer or other response to the attached complaint within twenty-one (21) days after this summons is served on you in the State of Colorado, or within thirty-five (35) days after this summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the complaint, without any further notice to you.

Dated:  October 10, 2014.

/s/ Ross Ziev                                           Address of Plaintiffs
Ross Ziev #43181                                 2632 East 31st Avenue, Denver, Colorado 80205
*Attorney for Plaintiff*                         953 Sublime Trail, Canton, Georgia 30114.
*A duly authorized signature is on file*
*at Mr. Ziev's Office.*

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 4, C.R.C.P., AS AMENDED. A COPY OF THE COMPLAINT MUST BE SERVED WITH THIS SUMMONS.**

**EXHIBIT A**

| | |
|---|---|
| **2nd Judicial District Court, Denver County, Colorado**<br>**District Court**<br>Court Address:    1437 Bannock Street, Room 256<br>                              Denver, CO 80202 | DATE FILED: October 10, 2014 2:11 PM<br>FILING ID: 86A8C96BF95C3<br>CASE NUMBER: 2014CV33904 |
| **Plaintiff:**   Hajloo, Inc.<br>                     Asghar Hajloo<br>                     Debra Hajloo<br><br>**v.**<br><br>**Defendant:**   Travelers Indemnity Company<br>                       Elizabeth Hornsby<br>                       Holly Lister<br>                       David Harrison | ▲     COURT USE ONLY     ▲ |
| **Attorney for Plaintiff:**<br>Attorney:    Ross Ziev, #43181<br>Address:     Speights and Worrich, LLC<br>                    116 Inverness Drive East, Suite 270<br>                    Englewood, CO 80112<br>Phone Num.:  (303) 662-8082<br>FAX Num.:    (303) 662-8083<br>E-Mail:            ross@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

      COMES NOW PLAINTIFFS, Hajloo Inc., Asghar Hajloo, and Debra Hajloo, by and through their attorneys, Speights and Worrich, LLC, and Complains against the above named Defendants as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Hajloo, Inc., is a Colorado corporation with a principal address at all relevant times of 2632 East 31st Avenue, Denver, Colorado 80205.

2. Plaintiff, Asghar Hajloo, is a citizen and domicile of the State of Georgia residing at 953 Sublime Trail, Canton, Georgia 30114.

3. Plaintiff, Debra Hajloo, is a citizen and domicile of the State of Colorado residing at 953 Sublime Trail, Canton, Georgia 30114.

4. Defendant, Travelers Indemnity Company (hereinafter referred to as "Defendant Company") is an out of state insurance company doing business in the state of Colorado with a principle street address of One Tower Square, Hartford, CT 06183.

5. Based on information and belief, Defendant, Elizabeth Hornsby (hereinafter referred to as "Defendant Hornsby") is a citizen and domicile of the State of Illinois residing at 215 Shuman Boulevard, Naperville, Illinois 60563.



**EXHIBIT A**

6. Based on information and belief, Defendant, Holly Lister (hereinafter referred to as "Defendant Lister") is a citizen and domicile of the State of Colorado residing at an unknown address and working for Defendant Company's office in 6060 South Willow Drive, Greenwood Village, Colorado 80111.

7. Based on information and belief, Defendant, David Harrison (hereinafter referred to as "Defendant Harrison") is a citizen and domicile of the State of Colorado residing at 312 Victoria Street, Berthold, Colorado.

8. Defendant Company's registered agent is the Corporation Service Company located at 1560 Broadway, Denver, CO 80202.

9. At the time of the formation of the contract in question, Plaintiffs lived in Denver County, Colorado.

10. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

11. Plaintiffs are the owners of insurance Policy Number IK680-4861L293 issued by Defendant Company (hereinafter referred to as the "Policy").

12. Plaintiffs owned the insured property, called Mama's Café, which was specifically located at 2001 East Colfax Avenue, Denver, Colorado 80206 on the dates in question (hereinafter referred to as the "Property").

13. Defendant Company or its agent sold the Policy, insuring the Property, to Plaintiffs.

14. On or about March 19, 2013, Plaintiffs discovered that an employee, Fernando Mendila DeLeon [Ex-employee], fraudulently used their credit cards, and had stolen office property and money from the safe. Plaintiffs filed a police report; however, Ex-employee fled the property when Plaintiffs confronted him about the theft.

15. Plaintiffs submitted a claim to Defendant Company against the Policy for Loss from Theft. Plaintiffs asked that Defendant Company cover the Loss of Property pursuant to the Policy and any other available coverage under the Policy.

16. Defendant assigned claim number EXG2466 to Plaintiffs' claim.

17. On or about April 1, 2013, Plaintiffs' Property was burglarized. During the burglary, the kitchen grills were tampered with, and there was a kitchen fire. Plaintiffs believe Ex-employee was responsible for the burglary, sabotage, and fire.

18. Plaintiffs submitted a claim to Defendant Company against the Policy for Loss from Employee Dishonesty. Plaintiffs asked that Defendant Company cover the Loss of Property pursuant to the Policy and any other available coverage under the Policy.

19. Defendant assigned claim number EWU2237 to Plaintiffs' claim.

**EXHIBIT A**

20. On or about April 9, 2013, while the restaurant was closed for repairs, a water pipe ruptured, causing severe water damage to Plaintiffs' Property.

21. Plaintiffs submitted a claim to Defendant Company against the Policy for Water Damage. Plaintiffs asked that Defendant Company cover the Loss of Property pursuant to the Policy and any other available coverage under the Policy.

22. Defendant assigned claim number EWU3963 to Plaintiffs' claim.

23. Defendant Hornsby was the agent for Defendant Company and represented Defendant Company regarding Plaintiffs' claims. Defendant Hornsby also adjusted Plaintiffs' claims by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claims. As such, Defendant Hornsby acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claims. Therefore, Defendant Hornsby is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1102. Furthermore, Defendant Hornsby acted as the agent and representative for Defendant Company in this claim.

24. Defendant Hornsby improperly adjusted the Plaintiffs' claim. Defendant Hornsby conducted a substandard inspection. Her investigation did not allow adequate funds to make Plaintiffs whole. Without limitation, Defendant Hornsby misrepresented the cause of, scope of, and cost to make Plaintiffs whole, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy. Defendant Hornsby made these and other misrepresentations to Plaintiffs as well as to Defendant Company. Plaintiffs and Defendant Company both relied on Defendant Hornsby's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance. Defendant Hornsby's misrepresentations caused Defendant Company to deny Plaintiffs on their insurance claim and, as such, Plaintiffs were not able to properly repair the damages to Plaintiffs' property and were forced to close their restaurant, Mama's Café.

25. Defendant Lister was the agent for Defendant Company and represented Defendant Company regarding Plaintiffs' claims. Defendant Lister also adjusted Plaintiffs' claims by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claims. As such, Defendant Lister acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claims. Therefore, Defendant Lister is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1102. Furthermore, Defendant Lister acted as the agent and representative for Defendant Company in this claim.

**EXHIBIT A**

26. Defendant Lister improperly adjusted the Plaintiffs' claim. Defendant Lister conducted a substandard inspection. Her investigation did not allow adequate funds to make Plaintiffs whole. Without limitation, Defendant Lister misrepresented the cause of, scope of, and cost to make Plaintiffs whole, as well as the amount of and insurance coverage for Plaintiffs claim/loss under Plaintiffs' insurance policy. Defendant Lister made these and other misrepresentations to Plaintiffs as well as to Defendant Company. Plaintiffs and Defendant Company both relied on Defendant Lister's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to make Plaintiffs whole, and Plaintiffs have been damaged as a result of such reliance. Defendant Lister's misrepresentations caused Defendant Company to deny Plaintiffs on their insurance claim and, as such, Plaintiffs were not able to be made whole and were forced to close their restaurant, Mama's Café.

27. Defendant Harrison was the agent for Defendant Company and represented Defendant Company regarding Plaintiffs' claims. Defendant Harrison also adjusted Plaintiffs' claims by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claims. As such, Defendant Harrison acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claims. Therefore, Defendant Harrison is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1102. Furthermore, Defendant Harrison acted as the agent and representative for Defendant Company in this claim.

28. Defendant Harrison improperly adjusted the Plaintiffs' claim. Defendant Harrison conducted a substandard inspection. His investigation did not allow adequate funds to make Plaintiffs whole. Without limitation, Defendant Harrison misrepresented the cause of, scope of, and cost to make Plaintiffs whole, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy. Defendant Harrison made these and other misrepresentations to Plaintiffs as well as to Defendant Company. Plaintiffs and Defendant Company both relied on Defendant Harrison's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to make Plaintiffs whole, and Plaintiffs have been damaged as a result of such reliance. Defendant Harrison's misrepresentations caused Defendant Company to deny Plaintiffs on their insurance claim and, as such, Plaintiffs were not able to be made whole and were forced to close their restaurant, Mama's Café.

29. Defendant Company, through its agent, Defendants Hornsby, Lister, and Harrison misrepresented the damages theft, employee dishonesty, and water damage. Defendant Hornsby misrepresented that the Ex-Employee was never employed by Plaintiffs and therefore, entirely denied the claim without reimbursement for any damages covered under the policy. Defendant Lister misrepresented that certain items were not damaged or taken, consequently, denying Plaintiffs Employee dishonesty claim without any reimbursement under the policy. Defendant Harrison misrepresented that burst water pipe was due to Plaintiffs' negligence, consequently denying Plaintiffs' water damage claim without any reimbursement under to policy.

**EXHIBIT A**

However, Defendants Hornsby, Lister, and Harrison's representations were false because the Ex-employee was employed by the Plaintiffs at the time of the theft; the Plaintiffs' Property was Damaged and stolen due to Employee Dishonesty and; the Water Damage was not due to negligence and should have been covered under the Policy.

30. Defendant Company, through its agents, Defendants Hornsby, Lister, and Harrison failed to properly adjust the claims and Defendant Company has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

31. These false representations allowed Defendant Company, Hornsby, Lister, and Harrison to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

32. Defendant Company failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Company's conduct constitutes a breach of the insurance contract between Defendant Company and Plaintiff.

33. Defendants Company Hornsby, Lister, and Harrison misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

34. Defendant Company, Hornsby, Lister, and Harrison failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

35. Defendants Company, Hornsby, Lister, and Harrison failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Company, Hornsby, Lister, and Harrison failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Company, Hornsby, Lister, and Harrison did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

**EXHIBIT A**

36. Defendants Company, Hornsby, Lister, and Harrison failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

37. Defendant Company refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Company failed to conduct a reasonable investigation. Specifically, Defendants Company, Hornsby, Lister, and Harrison performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

38. Defendants Company, Hornsby, Lister, and Harrison failed to meet its obligations under the Colorado Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within a reasonable amount of time. Defendants' conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendants' conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

39. Defendants failed to meet their obligations under the Colorado Insurance Code regarding payment of claim without delay. Specifically, Defendant Company has delayed full payment of Plaintiffs' claim longer than allowed. Defendant Company's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant Company's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

40. At the time Plaintiffs' claim was presented to Defendant Company, the liability of Defendant Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Company refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Company's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant Company's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

41. Due to Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

**EXHIBIT A**

42. Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant Company committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Company with regard to handling these types of claims. Defendant Company's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## CIVIL CONSPIRACY

43. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

44. Defendants agreed by words or conduct to violate C.R.S. §10-3-1104, §10-3-1115, and §10-3-1116.

45. Defendants agreed by words or conduct to not pay Plaintiffs' claim in violation of C.R.S. §10-3-1104, §10-3-1115, and §10-3-1116.

46. One or more acts were performed to accomplish the unlawful goal.

47. As a direct and proximate result of Defendants' civil conspiracy, Plaintiffs has incurred damages in the amount to be proven at trial.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGEOUS CONDUCT)

48. Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

49. Under Colorado law, the mishandling of an insurance claim by an adjuster can give rise to a claim for outrageous conduct.

50. Defendants' conduct was an intentional infliction of emotional distress, because Defendants knew Plaintiffs were suffering financially, and purposefully chose to fully deny all insurance benefits owed to Plaintiffs.

51. Defendant's full denial of insurance benefits effectively closed the business that provided Plaintiffs' livelihood since 1986.

52. Plaintiffs Asghar Hajloo and Debra Hajloo have suffered severe emotional distress as a result of Defendant's conduct.

**EXHIBIT A**

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT COMPANY
### (VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))

53. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

54. Defendant Company's delay and/or denial of Plaintiffs' claims for insurance benefits is unreasonable.

55. Pursuant to C.R.S. §10-3-1116(1), Plaintiffs is entitled to reasonable attorney's fees and two times the covered benefit.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT COMPANY
### (BREACH OF CONTRACT)

56. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

57. Plaintiffs have complied with all conditions precedent to coverage under the insurance policy issued by Defendant Company to Plaintiff.

58. To the extent that Plaintiffs have failed to comply with any of the contractual obligations, Defendant Company has not been prejudiced by the failure to comply.

59. To the extent that Plaintiffs have failed to comply with any of the contractual obligations, Defendant Company may not rely on this failure to comply because it breached one or more material obligations under the Policy before any alleged failure to comply by Plaintiff.

60. At all times relevant to this action, Defendant Company owed to Plaintiffs the implied duty of good faith and fair dealing in the insurance contract.

61. Defendant Company has breached its contract with Plaintiffs by not providing timely benefits under the Policy.

62. As a direct and proximate result of Defendant Company's breach of contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT COMPANY
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

63. Plaintiffs incorporate all previous allegations as if more fully set forth herein.

64. As a provider of insurance services to the public, Defendant Company at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and

8

**EXHIBIT A**

practice the principles of law and equity in all matters pertaining to the business of insurance.

65. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured's. Pursuant to its implied duty of good faith and fair dealing, Defendant Company owed to Plaintiffs an obligation to treat Plaintiffs' interests with equal consideration to their own interests.

66. Defendant Company has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

   a. Failing to give equal consideration to the interest of Plaintiff, their insured;

   b. When investigating Plaintiffs claims, failing to diligently search for evidence that supported their insured's (Plaintiffs') claims;

   c. Seeking to discover only evidence that defeated their insured's (Plaintiffs') claims;

   d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

   e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

   f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

   h. Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy;

   i. Forcing Plaintiffs into the costly and lengthy process of litigation; and

   j. Any further acts which may be discovered.

67. Defendant Company's aforesaid conduct was unreasonable and Defendant knew such conduct either was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

**EXHIBIT A**

As a direct and proximate result of Defendant Company's breach of its duty of good faith and fair dealing, Plaintiffs have sustained damages in the amount to be proved at trial.

## DAMAGES

68. Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

69. As a direct and proximate result of Defendants' violation of C.R.S. §10-3-1115 and C.R.S. §10-3-1116, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

70. As a direct and proximate result of Defendant Company's breach of contract and bad faith breach of the insurance contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

71. As a direct and proximate result of Defendant Company's outrageous conduct, Plaintiffs have incurred harms to be proved at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of the Plaintiffs and against Defendants in an amount to fairly compensate them for the damages as set forth above, court costs, expert witness fees, attorney's fees and other costs, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 10th day of October 2014.

Respectfully Submitted,

*/s/ Ross Ziev*
Ross Ziev

In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.


**EXHIBIT A**